United States District Court For the Southern District of Florida

Case No.: 50-2026-CA-009006XXX AMB

FILED BY NBA D.C.
AUG 28 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

DR JIMMY LAFAILLE, Individually 26-cv-81085-RMM
Plaintiff
vs.
UNITEDHEALTH GROUP INC., OPTUM PAY, LLC, and THE TFA DEPARTMENT
Defendants.

DEFENDANT-PLAINTIFF'S EMERGENCY PRO SE MOTION FOR TEMPORARY INJUNCTION, PRE-JUDGMENT ASSET FREEZE, AND IMMEDIATE RESTORATIVE PAYMENTS (or)

The Plaintiff, DR LAFAILLE appearing Pro Se, respectfully moves this Court pursuant to Florida Rule of Civil Procedure 1.610 for an Emergency Temporary Injunction commanding the Defendants to immediately release withheld clinical revenue and issue urgent restorative payments to prevent the imminent destruction of Plaintiff's livelihood. In support, Plaintiff states:

1. THE GHOST ACCOUNT CONVERSION: Since 2024, Defendants have intentionally or with gross negligence routed Plaintiff's verified clinical practice revenue into an unverified, hidden "ghost" bank account tied to Plaintiff's National Provider Identifier (NPI) credentials that Fifth Third Bank official records state does not exist.
2. WILLFUL BLINDNESS TO CYBERATTACK: Plaintiff has repeatedly submitted formal written audit demands, explicit digital breach notifications, and official voided bank checks to the Defendants' TFA department to correct the routing and halt the diversion of funds. Defendants possessed documented knowledge of an active cyberattack on Plaintiff's network, yet willfully refused to release funds, rejected valid banking forms, and permitted an active AT&T IP address node (IP: 205.220.171.129 and IP: 144.160.244.24) to intercept communications.
3. IMMINENT AND IRREPARABLE HARM: Defendants' ongoing withholding of funds has directly induced a catastrophic financial and personal emergency that cannot be repaired by a standard money judgment years from now. Plaintiff is currently facing an active residential eviction deadline on **Tuesday, August 11, 2026, for a $5,775.00 past-due rent balance**, which will throw her and her daughters into absolute homelessness. Furthermore, Defendants' actions have forced Plaintiff into default on critical IRS tax debts, federal student loans, and business liabilities, while causing severe physical trauma resulting in a 40-pound weight loss and a recent emergency cardiac stabilization event abroad due to triggered medical PTSD and historical Supraventricular Tachycardia (SVT).
4. CLEAR LIKELIHOOD OF SUCCESS ON THE MERITS: Plaintiff possesses overwhelming evidence, including certified bank letters, sent fraud alerts, and forensic IP logs, proving that Defendants have zero legal authority to withhold a

licensed clinician's income or funnel medical revenue into non-existent accounts while ignoring security protocols.

5. PUBLIC INTEREST: It is in the absolute public interest for this Court to issue an emergency equitable order to protect a dedicated mental health clinician providing care to 7 to 8 patients a day under extreme adversity from predatory, negligent insurance clearinghouse practices.

WHEREFORE, Plaintiff, [DR JIMMY LAFAILLE], respectfully requests this Court enter an Emergency Order commanding Defendants to:

a) Immediately audit and calculate all clinical revenue diverted under Plaintiff's credentials since 2024;

b) Issue an emergency wire transfer of those verified restorative payments directly into Plaintiff's newly updated bank account within forty-eight (48) hours to cure her **$5,775.00** eviction crisis and secure basic food requirements; and

c) Freeze and halt all automated account recoupments or blocks until a final trial on the merits can be conducted.

Respectfully submitted,

Your Signature: ______________________________

Your Name: [DR. JIMMY LAFAILLE

Your Email Address: [jimmylafaille@att.net

DATE: 8/26/2026

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: [PENDING]

DR. JIMMY LAFAILLE,
Plaintiff/Verified Petitioner,

vs.

OPTUM PAY, LLC; UNITEDHEALTH GROUP INC.; AVAILITY, LLC; CIGNA HEALTH AND LIFE INSURANCE COMPANY; BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. (FLORIDA BLUE); AETNA INC.; HUMANA INC.; SUNSHINE STATE HEALTH PLAN, INC. / AMBETTER; MEDICARE; OSCAR.
**Defendants/Respondents.**

**PLAINTIFF'S EMERGENCY PRO SE MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION COMPELLING THE IMMEDIATE MANDATORY RELEASE OF ALL INTERCEPTED CLINICAL REVENUES, EMBARGO OVERRIDE FOR ACUTE HARDSHIP, RESIDENTIAL DISPLACEMENT STAY FOR PROPOSED INFRASTRUCTURE HOUSING STABILITY, AND ENFORCING AN UNHINDERED TRANSFER MANDATE FOR NEW BANK ROUTING DATA PURSUANT TO FED. R. CIV. P. 65**

The Plaintiff and Verified Petitioner, Dr. Jimmy Lafaille, appearing Pro Se as an individual self-represented female clinician using she/her pronouns, hereby moves this United States District Court pursuant to Federal Rule of Civil Procedure 65 for an Emergency Temporary Restraining Order and Preliminary Injunction commanding Optum Pay, LLC, UnitedHealth Group Inc., Availity, LLC, Cigna, Florida Blue, Aetna, Humana, Sunshine State Health Plan / Ambetter, Medicare to immediately cease the ongoing freeze, restriction, interception, and diversion of her clinical operating revenue lines, and states:

1. OMNIBUS REVENUE EMBARGO AND TECHNICAL INTERCEPTION MATRIX: Petitioner operates an advanced psychiatric medical practice providing high-acuity mental health evaluations to vulnerable patient populations. Across multiple interconnected commercial billing cycles, corporate clearinghouses, administrative networks, and therapeutic care coordination panels—including UnitedHealth Group Inc., Optum Pay, LLC, Availity, LLC, Cigna, Florida Blue, Aetna, Humana, Ambetter, Medicare, Oscar—have implemented arbitrary, uncertified holds, electronic routing blocks, application glitches, and technical interface drops to systematically intercept, withhold, and divert Petitioner's lawful healthcare disbursements. This systematic extraction of practice capital has directly engineered total operational insolvency, leaving Petitioner with zero operating capital and completely stripping her of the financial baseline required to fund practice overhead or maintain basic household infrastructure.
2. EVIDENCE OF SEVERE PHYSICAL HARDSHIP, ACCOUNT BLOCKADES, AND DEBT INFLATION MATRICES: As a direct and proximate result of this multi-front corporate revenue embargo, Petitioner places this Court on formal notice of catastrophic personal and physical hardships inflicted upon her household. Because her primary clinical income streams have been completely frozen, Petitioner has experienced absolute financial strangulation, rendering her entirely unable to pay essential utility lines, address basic cost-of-living necessities, or meet monthly household bills. To sustain basic survival

during this ongoing blockade, Petitioner has been forced into extreme financial duress, exhausting her remaining lines of personal capital and facing massive debt accumulation rows across multiple commercial credit card accounts. This targeted asset extraction has engineered an immediate, acute residential eviction crisis involving the immediate displacement threat of her current residential property (including referenced asset rows tracked under infrastructure code 5775) where Petitioner resides alongside her twenty-year-old dependent daughter. The severe stress of this coordinated campaign has caused documentable physical injuries and physiological degradation to Petitioner, including acute physiological weight loss, severe clinical anxiety, and dangerous heart palpitations requiring urgent medical leave, while completely depriving her of the resources required to follow up on vital personal dental and primary medical recommendations.

3. MANDATORY DEMAND TO ENFORCE UNHINDERED ROUTING MATRIX AND ACCOUNT UPDATES: To prevent adverse corporate network actors from continuing to stall practice liquidities under the guise of prolonged billing updates or administrative delays, Petitioner moves this Court to enter an explicit mandatory injunction compelling Optum Pay, Availity, Medicare, and all named insurance carriers to immediately accept, link, and process her new credit union business bank account routing data and newly issued corporate card lines. Any attempt by these entities to reject, delay, or place administrative holds on the updating of her primary revenue destination lines shall constitute a direct violation of this Court's emergency protective orders.

**WHEREFORE**, the Verified Petitioner, Dr. Jimmy Lafaille, respectfully requests this United States District Court grant this Emergency Motion; enter an immediate Temporary Restraining Order commanding Optum Pay, LLC, UnitedHealth Group Inc., Availity, LLC, Cigna, Florida Blue, Aetna, Humana, Sunshine State Health Plan / Ambetter, to instantly release all withheld clinical funds and processed insurance disbursements directly to Petitioner's active credit union account routing lines; enter a mandatory directive ordering all named insurance companies, clearinghouses, and platform aggregators to immediately accept, clear, and process her new credit union banking information and newly issued corporate card lines without administrative delay; and prohibit any named defendant or landlord from executing any eviction orders or utility disconnections while this Court exercises supreme federal jurisdiction over the merits of this action.

Respectfully submitted,

Dr. Jimmy Lafaille, Petitioner Pro Se

JimmyLafaille@att.net

Credentials:
DNP, FNP-C, PMHNP-BC

DATE: 8/28/2026

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: [PENDING]

DR. JIMMY LAFAILLE,
Plaintiff/Verified Petitioner,

vs.

OPTUM PAY, LLC; UNITEDHEALTH GROUP INC.; AVAILITY, LLC; CIGNA HEALTH AND LIFE INSURANCE COMPANY; BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. (FLORIDA BLUE); AETNA INC.; HUMANA INC.; SUNSHINE STATE HEALTH PLAN, INC. / AMBETTER; MEDICARE; OSCAR.
**Defendants/Respondents.**

**PLAINTIFF'S EMERGENCY PRO SE MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION COMPELLING THE IMMEDIATE MANDATORY RELEASE OF ALL INTERCEPTED CLINICAL REVENUES, EMBARGO OVERRIDE FOR ACUTE HARDSHIP, RESIDENTIAL DISPLACEMENT STAY FOR PROPOSED INFRASTRUCTURE HOUSING STABILITY, AND ENFORCING AN UNHINDERED TRANSFER MANDATE FOR NEW BANK ROUTING DATA PURSUANT TO FED. R. CIV. P. 65**

The Plaintiff and Verified Petitioner, Dr. Jimmy Lafaille, appearing Pro Se as an individual self-represented female clinician using she/her pronouns, hereby moves this United States District Court pursuant to Federal Rule of Civil Procedure 65 for an Emergency Temporary Restraining Order and Preliminary Injunction commanding Optum Pay, LLC, UnitedHealth Group Inc., Availity, LLC, Cigna, Florida Blue, Aetna, Humana, Sunshine State Health Plan / Ambetter, Medicare to immediately cease the ongoing freeze, restriction, interception, and diversion of her clinical operating revenue lines, and states:

1. OMNIBUS REVENUE EMBARGO AND TECHNICAL INTERCEPTION MATRIX: Petitioner operates an advanced psychiatric medical practice providing high-acuity mental health evaluations to vulnerable patient populations. Across multiple interconnected commercial billing cycles, corporate clearinghouses, administrative networks, and therapeutic care coordination panels—including UnitedHealth Group Inc., Optum Pay, LLC, Availity, LLC, Cigna, Florida Blue, Aetna, Humana, Ambetter, Medicare, Oscar—have implemented arbitrary, uncertified holds, electronic routing blocks, application glitches, and technical interface drops to systematically intercept, withhold, and divert Petitioner's lawful healthcare disbursements. This systematic extraction of practice capital has directly engineered total operational insolvency, leaving Petitioner with zero operating capital and completely stripping her of the financial baseline required to fund practice overhead or maintain basic household infrastructure.
2. EVIDENCE OF SEVERE PHYSICAL HARDSHIP, ACCOUNT BLOCKADES, AND DEBT INFLATION MATRICES: As a direct and proximate result of this multi-front corporate revenue embargo, Petitioner places this Court on formal notice of catastrophic personal and physical hardships inflicted upon her household. Because her primary clinical income streams have been completely frozen, Petitioner has experienced absolute financial strangulation, rendering her entirely unable to pay essential utility lines, address basic cost-of-living necessities, or meet monthly household bills. To sustain basic survival

during this ongoing blockade, Petitioner has been forced into extreme financial duress, exhausting her remaining lines of personal capital and facing massive debt accumulation rows across multiple commercial credit card accounts. This targeted asset extraction has engineered an immediate, acute residential eviction crisis involving the immediate displacement threat of her current residential property (including referenced asset rows tracked under infrastructure code 5775) where Petitioner resides alongside her twenty-year-old dependent daughter. The severe stress of this coordinated campaign has caused documentable physical injuries and physiological degradation to Petitioner, including acute physiological weight loss, severe clinical anxiety, and dangerous heart palpitations requiring urgent medical leave, while completely depriving her of the resources required to follow up on vital personal dental and primary medical recommendations.

3. MANDATORY DEMAND TO ENFORCE UNHINDERED ROUTING MATRIX AND ACCOUNT UPDATES: To prevent adverse corporate network actors from continuing to stall practice liquidities under the guise of prolonged billing updates or administrative delays, Petitioner moves this Court to enter an explicit mandatory injunction compelling Optum Pay, Availity, Medicare, and all named insurance carriers to immediately accept, link, and process her new credit union business bank account routing data and newly issued corporate card lines. Any attempt by these entities to reject, delay, or place administrative holds on the updating of her primary revenue destination lines shall constitute a direct violation of this Court's emergency protective orders.

**WHEREFORE**, the Verified Petitioner, Dr. Jimmy Lafaille, respectfully requests this United States District Court grant this Emergency Motion; enter an immediate Temporary Restraining Order commanding Optum Pay, LLC, UnitedHealth Group Inc., Availity, LLC, Cigna, Florida Blue, Aetna, Humana, Sunshine State Health Plan / Ambetter, to instantly release all withheld clinical funds and processed insurance disbursements directly to Petitioner's active credit union account routing lines; enter a mandatory directive ordering all named insurance companies, clearinghouses, and platform aggregators to immediately accept, clear, and process her new credit union banking information and newly issued corporate card lines without administrative delay; and prohibit any named defendant or landlord from executing any eviction orders or utility disconnections while this Court exercises supreme federal jurisdiction over the merits of this action.

Respectfully submitted,

Dr. Jimmy Lafaille, Petitioner Pro Se

JimmyLafaille@att.net

Credentials:
DNP, FNP-C, PMHNP-BC

DATE: 8/28/2026

UNITED STATES DISTRICT COURT FOR THE
Southern District of Florida

Case No.: 50-2026-CA-009006XXX AMB

DR JIMMY LAFAILLE, Individually
Plaintiff
vs.
UNITEDHEALTH GROUP INC., OPTUM PAY, LLC, and THE TFA DEPARTMENT,
Defendants.

DEFENDANT-PLAINTIFF'S EMERGENCY PRO SE MOTION FOR TEMPORARY INJUNCTION, PRE-JUDGMENT ASSET FREEZE, AND IMMEDIATE RESTORATIVE PAYMENTS

The Plaintiff, DR LAFaille (Pl), appearing Pro Se, respectfully moves this Court pursuant to Florida Rule of Civil Procedure 1.610 for an Emergency Temporary Injunction commanding the Defendants to immediately release withheld clinical revenue and issue urgent restorative payments to prevent the imminent destruction of Plaintiff's livelihood. In support, Plaintiff states:

1. THE GHOST ACCOUNT CONVERSION: Since 2024, Defendants have intentionally or with gross negligence routed Plaintiff's verified clinical practice revenue into an unverified, hidden "ghost" bank account tied to Plaintiff's National Provider Identifier (NPI) credentials that Fifth Third Bank official records state does not exist.
2. WILLFUL BLINDNESS TO CYBERATTACK: Plaintiff has repeatedly submitted formal written audit demands, explicit digital breach notifications, and official voided bank checks to the Defendants' TFA department to correct the routing and halt the diversion of funds. Defendants possessed documented knowledge of an active cyberattack on Plaintiff's network, yet willfully refused to release funds, rejected valid banking forms, and permitted an active AT&T IP address node (IP: 205.220.171.129 and IP: 144.160.244.24) to intercept communications.
3. IMMINENT AND IRREPARABLE HARM: Defendants' ongoing withholding of funds has directly induced a catastrophic financial and personal emergency that cannot be repaired by a standard money judgment years from now. Plaintiff is currently facing an active residential eviction deadline on **Tuesday, August 11, 2026, for a $5,775.00 past-due rent balance**, which will throw her and her daughters into absolute homelessness. Furthermore, Defendants' actions have forced Plaintiff into default on critical IRS tax debts, federal student loans, and business liabilities, while causing severe physical trauma resulting in a 40-pound weight loss and a recent emergency cardiac stabilization event abroad due to triggered medical PTSD and historical Supraventricular Tachycardia (SVT).
4. CLEAR LIKELIHOOD OF SUCCESS ON THE MERITS: Plaintiff possesses overwhelming evidence, including certified bank letters, sent fraud alerts, and forensic IP logs, proving that Defendants have zero legal authority to withhold a

licensed clinician's income or funnel medical revenue into non-existent accounts while ignoring security protocols.

5. PUBLIC INTEREST: It is in the absolute public interest for this Court to issue an emergency equitable order to protect a dedicated mental health clinician providing care to 7 to 8 patients a day under extreme adversity from predatory, negligent insurance clearinghouse practices.

WHEREFORE, Plaintiff, [DR JIMMY LAFAILLE], respectfully requests this Court enter an Emergency Order commanding Defendants to:

a) Immediately audit and calculate all clinical revenue diverted under Plaintiff's credentials since 2024;

b) Issue an emergency wire transfer of those verified restorative payments directly into Plaintiff's newly updated bank account within forty-eight (48) hours to cure her **$5,775.00** eviction crisis and secure basic food requirements; and

c) Freeze and halt all automated account recoupments or blocks until a final trial on the merits can be conducted.

Respectfully submitted,

Your Signature: ______________________________

Your Name: [DR. JIMMY LAFAILLE

Your Email Address: [jimmylafaille@att.net

DATE: 8/26/2026

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 50 2026 CA 00 9006XXX AMB

DR. JIMMY LAFAILLE,
**Plaintiff/Verified Petitioner,**

vs.

THE RMR GROUP INC. / MANAGED PROPERTY ASSOCIATES; MATTHEW SAMENDIO, ESQ.; BRETT RENTON, ESQ.; FABIAN WRIGHT; CAROLE FEARS AKA CHARLES-PIERRE, ST-THOMAS UNIVERSITY AND AFFILIATES; UNIVERSITY OF MIAMI , OPTUM PAY, LLC; UNITED HEALTH CARE GROUP INC.; AT&T COMPANY AND AFFILIATES, OPTUM WORKING CAPITAL/TFA/TINA, HOTWIRE COMMUNICATIONS/FISION, CIGNA HEALTH AND LIFE INSURANCE COMPANY; BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. (FLORIDA BLUE); JPMORGAN CHASE BANK, N.A.; UNIVERSITY OF MIAMI, WARREN IZZARD, AETNA, VITAS, TRUSTBRIDGE, ARDEN COURT ALF, AVAILITY, FIFTH THIRD BANK, SFPV, WALMART PHARMACY, CVS PHARMACY, PUBLIX PHARMACY, COSTCO PHARMACY, CHARLES CARTRIGHT, SFPV, TEBRA, BLACKBRIDGE, META, TAYLOR RICHARDS, MAXIMILLIAN GLASS, ACE-RECOVERY, MAY ROSENZWEIG (ARDEN COURT), LISA SANTIAGO (ARDEN COURT ALF /DIRECTOR), CHANGE HEALTHCARE; HUMANA HEALTHCARE.
**Defendants/Respondents.**

**PLAINTIFF'S EMERGENCY PRO SE MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PURSUANT TO THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (R.I.C.O.) (18 U.S.C. § 1962) COMPELLING THE IMMEDIATE MANDATORY RELEASE OF ALL INTERCEPTED CLINICAL REVENUES, EMBARGO OVERRIDE FOR ACUTE HARDSHIP, RESIDENTIAL DISPLACEMENT STAY FOR PROPOSED INFRASTRUCTURE HOUSING STABILITY, AND ENFORCING AN UNHINDERED TRANSFER MANDATE FOR NEW BANK ROUTING DATA PURSUANT TO FED. R. CIV. P. 65**

The Plaintiff and Verified Petitioner, Dr. Jimmy Lafaille, appearing Pro Se as an individual self-represented female clinician using she/her pronouns, hereby moves this United States District Court pursuant to Federal Rule of Civil Procedure 65 and the civil remedies of the Racketeer Influenced and Corrupt Organizations Act (R.I.C.O.), 18 U.S.C. § 1962 and § 1964, for an Emergency Temporary Restraining Order and Preliminary Injunction commanding the Defendants to immediately cease the ongoing freeze, restriction, interception, and diversion of her clinical operating revenue lines, and states:

1. OMNIBUS RACKETEERING AND REVENUE EMBARGO MATRIX: Petitioner operates an advanced psychiatric medical practice providing high-acuity mental health evaluations to vulnerable patient populations. Across multiple interconnected commercial billing cycles, corporate clearinghouses, administrative networks, property management entities, and therapeutic care coordination panels which includes UnitedHealth Group Inc., Optum Pay, LLC, Cigna, Florida Blue, the RMR Group, and associated legal networks—Defendants have operated a coordinated enterprise utilizing arbitrary holds, electronic routing blocks, application glitches, and technical interface drops to systematically intercept, withhold, and divert Petitioner's lawful healthcare disbursements. This

systematic extraction of practice capital has directly engineered total operational insolvency, leaving Petitioner with zero operating capital and completely stripping her of the financial baseline required to fund practice overhead or maintain basic household infrastructure.

2. EVIDENCE OF SEVERE PHYSICAL HARDSHIP, ACCOUNT BLOCKADES, AND DEBT INFLATION MATRICES: As a direct and proximate result of this multi-front corporate racketeering embargo, Petitioner places this Court on formal notice of catastrophic personal and physical hardships inflicted upon her household. Because her primary clinical income streams have been completely frozen, Petitioner has experienced absolute financial strangulation, rendering her entirely unable to pay essential utility lines, address basic cost-of-living necessities, or meet monthly household bills. To sustain basic survival during this ongoing blockade, Petitioner has been forced into extreme financial duress, exhausting her remaining lines of personal capital and facing massive debt accumulation rows across multiple commercial credit card accounts. This targeted asset extraction has engineered an immediate, acute residential eviction crisis involving the immediate displacement threat of her current residential property (including referenced asset rows tracked under infrastructure code 5775) where Petitioner resides alongside her twenty-year-old dependent daughter. The severe stress of this coordinated campaign has caused documentable physical injuries and physiological degradation to Petitioner, including acute physiological weight loss, severe clinical anxiety, and dangerous heart palpitations requiring urgent medical leave, while completely depriving her of the resources required to follow up on vital personal dental, primary medical recommendations, and basic living needs.
3. MANDATORY DEMAND TO ENFORCE UNHINDERED ROUTING MATRIX AND ACCOUNT UPDATES: To prevent adverse corporate network actors from continuing to stall practice liquidities under the guise of prolonged billing updates or administrative delays, Petitioner moves this Court to enter an explicit mandatory injunction under 18 U.S.C. § 1964 compelling Optum Pay, UnitedHealthcare, Cigna, Florida Blue, and all named entities to immediately accept, link, and process her new credit union business bank account routing data and newly issued corporate card lines. Any attempt by these entities to reject, delay, or place administrative holds on the updating of her primary revenue destination lines shall constitute a direct violation of this Court's emergency protective orders.

**WHEREFORE**, the Verified Petitioner, Dr. Jimmy Lafaille, respectfully requests this United States District Court grant this Emergency Motion; enter an immediate Temporary Restraining Order under the authority of the R.I.C.O. Act commanding the Defendants to instantly release all withheld clinical funds and processed insurance disbursements directly to Petitioner's active credit union account routing lines; enter a mandatory directive ordering all named insurance companies, clearinghouses, and platform aggregators to immediately accept, clear, and process her new credit union banking information and newly issued corporate card lines without administrative delay; and prohibit any named defendant or landlord from executing any eviction orders or utility disconnections while this Court exercises supreme federal jurisdiction over the merits of this action.

Respectfully submitted,

Dr. Jimmy Lafaille, Petitioner Pro Se, DNP, FNP-BC, PMHNP-BC

JimmyLafaille@att.net

Date: 8/28/2026

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.: 50 2026 CA 00 9006 XXX AMB

DR. JIMMY LAFAILLE,
**Plaintiff/Verified Petitioner,**

vs.

THE RMR GROUP INC. / MANAGED PROPERTY ASSOCIATES; MATTHEW SAMENDIO, ESQ.; BRETT RENTON, ESQ.; FABIAN WRIGHT; CAROLE FEARS AKA CHARLES-PIERRE, ST-THOMAS UNIVERSITY AND AFFILIATES; UNIVERSITY OF MIAMI ; OPTUM PAY, LLC; UNITED HEALTH CARE GROUP INC.; AT&T COMPANY AND AFFILIATES, OPTUM WORKING CAPITAL/TFA/TINA, HOTWIRE COMMUNICATIONS/FISION, CIGNA HEALTH AND LIFE INSURANCE COMPANY; BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC. (FLORIDA BLUE); JPMORGAN CHASE BANK, N.A.; UNIVERSITY OF MIAMI, WARREN IZZARD, AETNA, VITAS, TRUSTBRIDGE, ARDEN COURT ALF, AVAILITY, FIFTH THIRD BANK, SFPV, WALMART PHARMACY, CVS PHARMACY, PUBLIX PHARMACY, COSTCO PHARMACY, CHARLES CARTRIGHT, SFPV, TEBRA, BLACKBRIDGE, META, TAYLOR RICHARDS, MAXIMILLIAN GLASS, ACE-RECOVERY, MAY ROSENZWEIG (ARDEN COURT), LISA SANTIAGO (ARDEN COURT ALF /DIRECTOR), CHANGE HEALTHCARE; HUMANA HEALTHCARE.
**Defendants/Respondents.**

**PLAINTIFF'S EMERGENCY PRO SE MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION PURSUANT TO THE RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT (R.I.C.O.) (18 U.S.C. § 1962) COMPELLING THE IMMEDIATE MANDATORY RELEASE OF ALL INTERCEPTED CLINICAL REVENUES, EMBARGO OVERRIDE FOR ACUTE HARDSHIP, RESIDENTIAL DISPLACEMENT STAY FOR PROPOSED INFRASTRUCTURE HOUSING STABILITY, AND ENFORCING AN UNHINDERED TRANSFER MANDATE FOR NEW BANK ROUTING DATA PURSUANT TO FED. R. CIV. P. 65**

The Plaintiff and Verified Petitioner, Dr. Jimmy Lafaille, appearing Pro Se as an individual self-represented female clinician using she/her pronouns, hereby moves this United States District Court pursuant to Federal Rule of Civil Procedure 65 and the civil remedies of the Racketeer Influenced and Corrupt Organizations Act (R.I.C.O.), 18 U.S.C. § 1962 and § 1964, for an Emergency Temporary Restraining Order and Preliminary Injunction commanding the Defendants to immediately cease the ongoing freeze, restriction, interception, and diversion of her clinical operating revenue lines, and states:

1. OMNIBUS RACKETEERING AND REVENUE EMBARGO MATRIX: Petitioner operates an advanced psychiatric medical practice providing high-acuity mental health evaluations to vulnerable patient populations. Across multiple interconnected commercial billing cycles, corporate clearinghouses, administrative networks, property management entities, and therapeutic care coordination panels which includes UnitedHealth Group Inc., Optum Pay, LLC, Cigna, Florida Blue, the RMR Group, and associated legal networks—Defendants have operated a coordinated enterprise utilizing arbitrary holds, electronic routing blocks, application glitches, and technical interface drops to systematically intercept, withhold, and divert Petitioner's lawful healthcare disbursements. This

systematic extraction of practice capital has directly engineered total operational insolvency, leaving Petitioner with zero operating capital and completely stripping her of the financial baseline required to fund practice overhead or maintain basic household infrastructure.

2. EVIDENCE OF SEVERE PHYSICAL HARDSHIP, ACCOUNT BLOCKADES, AND DEBT INFLATION MATRICES: As a direct and proximate result of this multi-front corporate racketeering embargo, Petitioner places this Court on formal notice of catastrophic personal and physical hardships inflicted upon her household. Because her primary clinical income streams have been completely frozen, Petitioner has experienced absolute financial strangulation, rendering her entirely unable to pay essential utility lines, address basic cost-of-living necessities, or meet monthly household bills. To sustain basic survival during this ongoing blockade, Petitioner has been forced into extreme financial duress, exhausting her remaining lines of personal capital and facing massive debt accumulation rows across multiple commercial credit card accounts. This targeted asset extraction has engineered an immediate, acute residential eviction crisis involving the immediate displacement threat of her current residential property (including referenced asset rows tracked under infrastructure code 5775) where Petitioner resides alongside her twenty-year-old dependent daughter. The severe stress of this coordinated campaign has caused documentable physical injuries and physiological degradation to Petitioner, including acute physiological weight loss, severe clinical anxiety, and dangerous heart palpitations requiring urgent medical leave, while completely depriving her of the resources required to follow up on vital personal dental, primary medical recommendations, and basic living needs.
3. MANDATORY DEMAND TO ENFORCE UNHINDERED ROUTING MATRIX AND ACCOUNT UPDATES: To prevent adverse corporate network actors from continuing to stall practice liquidities under the guise of prolonged billing updates or administrative delays, Petitioner moves this Court to enter an explicit mandatory injunction under 18 U.S.C. § 1964 compelling Optum Pay, UnitedHealthcare, Cigna, Florida Blue, and all named entities to immediately accept, link, and process her new credit union business bank account routing data and newly issued corporate card lines. Any attempt by these entities to reject, delay, or place administrative holds on the updating of her primary revenue destination lines shall constitute a direct violation of this Court's emergency protective orders.

**WHEREFORE**, the Verified Petitioner, Dr. Jimmy Lafaille, respectfully requests this United States District Court grant this Emergency Motion; enter an immediate Temporary Restraining Order under the authority of the R.I.C.O. Act commanding the Defendants to instantly release all withheld clinical funds and processed insurance disbursements directly to Petitioner's active credit union account routing lines; enter a mandatory directive ordering all named insurance companies, clearinghouses, and platform aggregators to immediately accept, clear, and process her new credit union banking information and newly issued corporate card lines without administrative delay; and prohibit any named defendant or landlord from executing any eviction orders or utility disconnections while this Court exercises supreme federal jurisdiction over the merits of this action.

Respectfully submitted,

Dr. Jimmy Lafaille, Petitioner Pro Se, DNP, FNP-BC, PMHNP-BC

JimmyLafaille@att.net

DATE: 8/26/28